596 P.2d 388

The STATE of Arizona, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable John P. Collins, a Judge thereof, Respondent,

and

Paul Reynoso, Real Party in Interest.

No. 2 CA–CIV 3268.

Court of Appeals of Arizona, Division 2.

June 5, 1979.

Frederick S. Dean, Tucson City Atty. by Gail Jansen, Asst. City Atty., Tucson, for petitioner.

Robert J. Hooker, Tucson, for real party in interest.

OPINION

HATHAWAY, Judge.

The state challenges the authority of the respondent court to reduce a fine in an appeal from a Tucson City Court conviction. We agree with the state that the respondent court exceeded its jurisdiction and therefore assume jurisdiction.

The real party in interest was found guilty in city court of two charges—failure to obtain an adult entertainment license and failure to obtain an escort service license. A fine of $300 was imposed for each conviction. Also, a six-month jail sentence was suspended, conditioned upon his obtaining the proper licenses within 30 days. He appealed to superior court based upon a transcript of the proceedings. The superior court affirmed the convictions but found the $300 fine on each count "to be excessive and arbitrary for the reason that, in each case, it is for failing to have a valid license." The city court was ordered to reduce each fine to $25 and to refund $275 on each count.

Appeals in a criminal action taken to the superior court from the final judgment of a police court where a transcript of the record of proceedings has been made are governed by the Rules of Procedure for Appeals to Superior Court which became effective March 1, 1975. Disposition of such appeals is provided for in Rule 12(b):

"After determination of an appeal based upon a transcript of the proceedings, the appellate court may:

(1) Reverse the court of origin and remand the case to the court of origin and direct a new trial.

(2) Reverse the court of origin and direct a verdict of acquittal, discharge the defendant and exonerate his bail.

(3) Affirm the court of origin and remand the case to the court of origin for appropriate action."

A.R.S. § 22–374(C) provides for the same disposition where there is a recorded transcript. Unlike a trial de novo where the superior court may impose sentence as it deems proper, A.R.S. § 22–374(B)(1), the superior court is not authorized to interfere with a lawful sentence imposed by the court of origin. In the absence of statutory authority to modify the sentence, when it affirmed Reynoso's convictions the respondent court could do nothing more than remand to city court for the appropriate action.

The April 16, 1979, order of the respondent court is hereby vacated with directions to enter an order remanding the case to the city court for appropriate action.

RICHMOND, C. J., and HOWARD, J., concur.